IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL L. HAVERMAN, individually and as special
administrator of the ESTATE OF DUSTIN HALE and
JOHN HALE,

        Plaintiffs,

and

HANOVER INSURANCE COMPANY,

        Involuntary Plaintiff,    ORDER

 v.

                     15-cv-524-jdp

PACKAGING CORPORATION OF AMERICA,

        Defendant and Third-Party
        Plaintiff,

 v.

INLAND SYSTEMS, INC.,

        Third-Party Defendant.

---

  In this personal injury case, plaintiffs Jill Haverman and John Hale seek compensation for the wrongful death of their son, Dustin Hale, who suffered an accident while working for third-party defendant Inland Systems, Inc. Defendant and third-party plaintiff Packaging Corporation of America (PCA) owned the facility at which Dustin Hale was injured, and involuntary plaintiff Hanover Insurance Company paid benefits to Dustin Hale under Inland's worker's compensation policy. Plaintiffs initially filed this suit in the Wisconsin Circuit Court for Dane County, but PCA removed the case to this court.

  "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Because jurisdiction is limited, federal

courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). As the party invoking federal jurisdiction, PCA bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Here, PCA contends that the court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. Dkt. 1. Unfortunately, the allegations in PCA's notice of removal do not establish a complete diversity of citizenship.

According to the complaint that plaintiffs filed in state court and PCA's notice of removal: (1) Jill Haverman resides in Michigan; (2) John Hale resides in Wisconsin; (3) Hanover Insurance is incorporated in New Hampshire and has a principal place of business in Massachusetts; and (4) PCA is incorporated in Delaware and has a principal place of business in Illinois. Dkt. 1 and Dkt. 1-2.[1] For two reasons, these allegations do not permit the court to determine whether subject matter jurisdiction exists.

First, Jill Haverman and John Hale's residences do not determine their citizenship. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). "In federal law citizenship means domicile, not residence. . . . [W]hen the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want

---

[1] Inland is a Michigan corporation with its principal place of business in Michigan. Dkt. 5, ¶ 2. But Inland's citizenship is not relevant at this point because "if a case is properly within the diversity jurisdiction and the defendant files a third-party complaint against a resident of the plaintiff's state the court does not lose jurisdiction over the plaintiff's claim." *Fid. & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir. 1983); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996).

of jurisdiction." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Second, Jill Haverman is pursuing claims on behalf of Dustin Hale's estate. Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Neither the state court complaint nor PCA's notice of removal allege Dustin Hale's citizenship.

Before remanding this case to state court for lack of jurisdiction, the court will give PCA an opportunity to confirm whether the parties are completely diverse. Within 14 days from the date of this order, PCA must file an amended notice of removal that alleges the citizenship of Jill Haverman, John Hale, and Dustin Hale. Plaintiffs should provide PCA with any information that it needs to properly allege their citizenship.

## ORDER

IT IS ORDERED that:

1. Defendant Packaging Corporation of America may have until April 5, 2016, to file an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining whether the court has subject matter jurisdiction under 28 U.S.C. § 1332.

2. If defendant fails to timely amend its notice of removal, then the court will remand this case to state court for lack of subject matter jurisdiction.

Entered March 22, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge